**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4077**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TORI GERMAN,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:07-cr-00246-FDW-5)

Submitted: August 26, 2010      Decided: September 1, 2010

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tori German pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). German was subject to the a statutory mandatory minimum term of 120 months of imprisonment; however, the district court granted the Government's motion for a downward departure based on substantial assistance, U.S. Sentencing Guidelines Manual (USSG) § 5K1.1 (2007), and imposed a sentence of 46 months imprisonment. German's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Although advised of her right to file a supplemental pro se brief, German has not done so. Finding no error, we affirm.

Counsel questions whether German was eligible for the safety valve provision of 18 U.S.C. § 3553(f) (2006) and USSG § 5C1.2 (2007). To qualify for the safety valve provision, a defendant must establish the existence of five prerequisites. A defendant may qualify for a sentence below a statutorily required mandatory minimum if: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader,

2

manager, or supervisor of others in the offense; and (5) no later than the time of sentencing, the defendant truthfully provided the Government with all evidence the defendant had concerning the offense. 18 U.S.C. § 3553(f); USSG § 5C1.2. As counsel correctly concedes, German was assigned two criminal history points and, therefore, she did not qualify for the safety valve reduction.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform German, in writing, of the right to petition the Supreme Court of the United States for further review. If German requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on German. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>